HEARD NOVEMBER TERM, 1872.

## LEVY *vs.* SOUTHERN EXPRESS COMPANY.

Where goods are delivered to an express company under a written contract, which limits their liability as common carriers, and provides that the goods may be delivered to another company to be carried, and that such other company shall be entitled to all the stipulations and conditions of the contract, another company to whom the goods are delivered become entitled to the benefit of the limitations of the contract.

A shipper having authority to ship must be regarded as authorized to bind the owner by a contract containing special terms of shipment.

Where a trunk containing money and jewelry to the amount of $350 was delivered to an express company without notice of the contents or value, and the receipt contained stipulations that the company would be liable for loss or damage to goods only when specially insured by the terms of the receipt, and in no case for more than $50, unless a greater value be specified: *Held,* That it was not error to refuse to charge the jury, as matter of law, that the company had the right to assume that the trunk did not contain articles of special value, and for such articles they were not then liable, nor for any injury to the trunk beyond $50.

*Held,* That it was error to charge, in substance, that defendants were liable for the value of articles of special value in the trunk, whether known to them or not, and that, to charge defendants, it was enough to show that the goods were in the trunk, and lost therefrom when in their possession.

BEFORE GRAHAM, J., AT CHARLESTON, MARCH TERM, 1872.

This was an action to recover the value of articles alleged to have been lost from the trunk mentioned in a receipt therefor given by an agent of the Adams' Express Company. The receipt bore date Philadelphia, April 14th, 1870, and is as follows:

"Received of R. Levin, one trunk, value ——, for which the company charges ——, marked Miss R. Levy, Charleston, S. C., which it is mutually agreed is to be forwarded to our Agency nearest or most convenient to destination only, and there delivered to other parties to complete the transportation. It is a part of the consideration of this contract, and it is agreed, that the said Express Company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers to whom the same may be by the said Express Company entrusted, or arising from the dangers of railroads, ocean or river navigation, steam, fire in stores, depots or in transit, leaking, breakage, or from any cause whatever, unless, in every case, the same be proved to have occurred from the fraud or gross negligence of the said company or their servants; nor in any event shall the holder hereof demand beyond the sum of fifty dollars, at which the article forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured by them, and so specified in this

receipt, which insurance shall constitute the liability of the Adams Express Company ; and if the same is entrusted or delivered to any other Express Company or agent (which said Adams Express Company is hereby authorized to do,) such company or persons so selected shall be regarded exclusively as the agent of the shipper or owner, and as such alone liable ; and the Adams Express Company shall not be in any event responsible for the negligence or non-performance of any such company or person ; and the shipper and owner hereby severally agree that all the stipulations and condition in this receipt contained shall extend to and enure to the benefit of each and every company or person to whom the Adams Express Company may entrust or deliver the above described property for transportation, and shall define and limit the liability therefor of such other company or person. In no event shall the A. E. C. be liable for any loss or damage, unless the claim therefor be presented to them in writing at this office within thirty days after this date, in a statement to which this receipt shall be annexed. All articles of glass, or contained in glass, or any of a fragile nature, will be taken at the shipper's risk only, and the shipper agrees that the company shall not be held responsible for any injury by breakage or otherwise, nor for damage to goods not properly packed and secured for transportation. It is further agreed that said company shall not in any event be liable for any loss, damage or detention caused by the acts of God, civil or military authority, or by rebellion, piracy, insurrection or riot, or the dangers incident to a time of war, or by any riotous or armed assemblage. If any sum of money besides the charge for transportation is to be collected from the consignee for delivery of the above described property and the same is not paid within thirty days from the date hereof, the shipper agrees that this company may return said property to him after the expiration of that time, subject to the conditions of this receipt, and that he will pay the charge for transportation both ways, and the liability of the company for such property, while in its possession for the purpose of such collection, shall be that of warehousemen only."

The case is stated in the following case and exceptions :

The plaintiff having shown that the trunk was delivered to Adams' Express Co., containing the jewelry and money in question, but without notice of its contents, and the receipt of Adams'

Express Co. therefor, containing stipulations that the company would be responsible for loss or damage to the property from the dangers of railroad, steamboat, river and ocean navigation, and fire, only when specially insured, and that mentioned in the receipt, and in no case for more than $50, unless a greater value be specified therein, in which receipt there was no insurance mentioned, nor any value to the trunk ; that, in the course of business, the trunk was received at Richmond by the Southern Express Company, under a way bill from Philadelphia to Charleston, which indicated no exceptionable condition to the trunk, but also no special value to the articles it contained ; that, when delivered in Charleston, it did not contain the jewelry and money, and appeared, when here, broken from the bottom ; also, there was no testimony adduced of assent by plaintiff to the stipulations of the receipt. Further, it appeared that freight for the trunk was paid by plaintiff to defendant at Charleston ; and it also appeared that the signature to the receipt was in lead pencil, and it is not clear what name was intended—

And upon these facts, the case being about to be submitted to the jury, the defendant moved the Court to instruct them :

1. That the defendant was entitled to the benefit of any contract appearing in the receipt, and any transaction between Adams' Express Co. and the plaintiff in reference to the trunk ;

2. That from these it had the right to assume that it did not contain articles of special value, and for such articles it was not then responsible, nor for any injury to the trunk beyond $50, the limit of responsibility, without notice stated in the receipt;

Which were refused ; and to the contrary thereof, His Honor charged that the defendant was responsible for articles of special value in the trunk, whether known to it or not; and that it is enough to charge them that the goods were in fact in the trunk, and lost therefrom, while it was in the possession of the defendant, and that the foot notes to the receipt of an Express Company are not to be considered, and that notwithstanding the limitation of loss to $50, in the absence of any other value mentioned, the defendant was responsible for what may have been the real value of the articles.

To which refusal of instructions prayed for, and to the instructions given, the defendant excepted.

The jury found for the plaintiff $350, and judgment having been entered thereon, the defendant appealed.

*Brewster, Spratt & Burke,* for appellant, submitted the following points and authorities:

If concealment of the fact that there are articles of special value in a package committed to an express company constitute a defence to an action for their loss, or if by stipulation in a receipt the company can protect itself from responsibility beyond a certain amount for the loss of a package without notice of a higher value, there was misdirection by His Honor. And·if there was any evidence of concealment, or of such stipulation without notice, the defendants are entitled to a new trial.

There was some evidence of concealment. The articles, jewels and money, were unusual in a trunk—not attendant upon the owner, at least. In the receipt taken by the plaintiff there was the stipulation that the package should be valued at $50, if no higher value be stated. The commission of the trunk to an express company with such articles, and expressly with such stipulation, was some evidence of imposition.

There was also some evidence of a limitation of liability without notice. The stipulation in the receipt that the company will not be responsible in case of loss for more than $50, without notice of a higher value to be stated therein, is plain. There is no notice of a higher value stated in the receipt; there was no evidence of other notice.

Of both facts, therefore—the concealment and the limitation—there was some evidence. If either constitute a defence, of the benefit of that the defendants were defeated by the charge of His Honor.

1st. Concealment does constitute a defence to an action for the loss of articles of special value, and that concealment may consist, simply, in withholding notice of facts the carrier has the right to know, or a notice he has reason to expect.—Story on Bail., §§ 565, 568, 569; *Gibbon* vs. *Peyton,* 4 Burr., 2298; *Tichborne* vs. *White,* 1 Str., 145; *Boston* vs. *Dunovant,* 4 Barn. & Ald., 21.

Nor does actual knowledge defeat the defence, if, by the terms of the carrier's notice, the shipper be required to pay for the higher value, and he fail to do so.—*Marsh* vs. *Hern,* 5 B. & C., 322; *Harris* vs. *Pockwood,* 3 Taunt., 264; *Levi* vs. *Waterhouse,* 1 Price, 280; *So. Expr. Co.* vs. *Everett,* 37 Ga., 688.

2d. The Express Company may limit its liability for loss to $50.

The Express Company is not a common carrier. Of that capacity, it is the condition that the carrier shall own or control the

vehicles for transportation.—Story on Bail., §§ 495, 501–2, 496; *Roberts* vs. *Turner*, 12 Johns. Rep., 232; *Platt* vs. *Howard*, 7 Cowan, 497; *Hartfield and Others* vs. *Adams' Ex. Co.*, 19 Barb., 577.

And there is, therefore, no pretence of inability to limit a liability at common law which never did exist.

But the common carrier may limit his liability by agreement, and that may be implied from the delivery of goods, with public notice of the terms of transportation, or it may be expressed in the receipt, with stipulations.—Story on Bail., §§ 551, 549; *Riley* vs. *Horn*, 5 Bing., 217; 15 Eng. C. L., 422; *Clay* vs. *Miller*, 1 H. Black., 298; *Cobden* vs. *Bollen*, 2 Camp., 108; *New Jersey Man. Co.* vs. *Ill. Cent. R. R.*, 3 Wall, 107; *Kilman* vs. *U. S. Express Co.*, 3 Kansas, 205; *N. J. Steam Nav. Co.* vs. *Merchants' Bank*, 6 How., 344; *Swindler* vs. *Hilliard & Brooks*, 2 Rich., 303; *Singleton* vs. *Same*, 1 Strob., 214; *Patton* vs. *Magrath & Brooks*, Dud., 159.

The Act of 1864, second Section, 13 Statutes, 262, providing " that no public notice or declaration shall limit or in any wise affect the liability at common law of any public common carriers," &c., does not preclude the common carrier even from limitation of his liability by contract, but only of such contract the public notice be not evidence. The right to limitation by special contract remains.

The receipt, with stipulations, is a special contract.—*New York Man. Co.* vs. *Ill. Cent. R. R.*, 3 Wall., 107; *Kilman* vs. *U. S. Express Co.*, 3 Kansas, 205; *Parker* vs. *Dinsmore*, 24 How., 290; *Myers* vs. *Harndon's Express Co.*, 1864, Sup. Ct., N. Y., MS.; *Van Winkle* vs. *Adams' Ex. Co.*, 1865, Sup. Ct., N. Y., MS.; *Boorman* vs. *Adams' Express Co.*, 21 Wisconsin, 152, MS.; *Shaw* vs. *York*, 13 Q. B., 347; *York* vs. *Crisp*, 14 Com. B. Rep., 527; *Wayland, Administrator*, vs. *Mosely*, 1865, Sup. Ct., Alabama, MS.

But the Act is applicable only to *common carriers*, which the defendants are not, and they may yet limit by public notice, even in this State.

That limitation is admissible in Philadelphia, where this contract was made.—*Wise* vs. *Adams' Ex. Co.*, Court Appeals, Pa., 1863, MS., p. 12.

In case of limitation, the burthen of proving the *gross negligence*, to charge the carrier, is on the plaintiff.—Story on Bail., §§ 573, 410; *Marsh* vs. *Horn*, 5 Barn. & Cress., 322; *Riley* vs. *Horn*, 5 Bing., 217; *Harris* vs. *Pockwood*, 3 Taunt., 264; *Kollman* vs.

*U. S. Express Co.*, 3 Kansas, 205; *New Jersey Steam Nav. Co.* vs. *Merchants' Bank*, 6 How., 344; *R. Smith* vs. *Adams' Ex. Co.*, Ala. Sup. Ct., 186, MS., p. 49; Angell on L. of Carriers, §§ 2, 6; *Finacune* vs. *Small*, 1 Esp. Rep., 314; *Cooper* vs. *Burton*, 3 Camp., 5.

*Nathans*, contra:

Express companies are common carriers.—*Stadecker* vs. *Mc-Combs*, 9 Rich., 199.

If appellant is responsible as common carrier, and relies upon a limitation of common law liability, then " the onus of showing not only that the cause of loss is within the terms of exception, but also that there was no negligence, is on him."—*Baker* vs. *Brinson*, 9 Rich., 201.

The appellant maintains that, even if liable for negligence, the limitation in receipt that company will not be liable above fifty dollars, unless especially insured, restricts the respondent's right to recover, to that amount. But it is submitted, on behalf of respondent, that the policy of law which precludes carrier from protection of a limitation as to a specified *class* of risks, where there is negligence, is equally applicable where there is a restriction as to value. The law will not permit carrier to stipulate for fraud or negligence.—*Duff* vs. *Budd*, 3 Brod. & Bing., 177 ; *Garnet* vs. *Wilan*, 5 B. & Ald., 53 ; *Sleat* vs. *Fagg*, 5 B. & Ald., 342 ; *Beck* vs. *Evans*, 16 East., 243 ; *Wyld* vs. *Peckford*, 8 M. & W., 443.

In this case there is not only entire absence of proof exonerating company from negligence, but the testimony establishes that trunk was robbed while in custody of the appellant. Upon the case made the authorities fully sustain the verdict, and it is submitted that a verdict will not be disturbed for an error of the Judge in point of law, if there be other sufficient grounds to support it.— *Ingraham* vs. *Ins. Co.*, 2 Tr. Con. Rep., 707.

The respondent denies that the receipt of the company constituted a special contract limiting the liability of the company, because there is no evidence of assent on her part to such limitation, and the complaint rests upon common law liability. In *Stadecker* vs. *McCombs*, it is said, in reference to this class of carriers: " The responsibility of all risks is assumed by them except such as results from the act of God and the public enemy. They are bound to the utmost care of goods in their custody, and cannot limit their liability either by

a general notice or special acceptance." That this was designed to define the rule of law applicable to this class of carriers is the more apparent because the case immediately succeeding it, *Baker* vs. *Brinson*, recognizes rule previously laid down in *Swindler* vs. *Hilliard & Brooks* "that a carrier may limit by special contract his common law liabilities."

*Swindler* vs. *Hilliard, Baker* vs. *Brinson*, and other cases in this State, were cases of water carriage, and the exceptions contained in bills of lading may rest upon well known and recognized usage.—1 Smith's L. Cases, (6 Am. Ed.) 321–405; *Belger* vs. *Dinsmore*, 51 Barbour, 69.

In Georgia (appellant is a corporation created by a law of that State) it has been held that the receipt alone of the company did not make a special contract.—*The Southern Express Co.* vs. *Barnes*, 36 Geo., 532; *Same* vs. *Newby*, 36 Geo., 644. In the case of a carrier, with whom it is not optional altogether whether to carry goods offered or not, but where he must carry such goods as he is accustomed to carry, upon the general terms of liability imposed by the law, or submit to an action for damages, &c., the mere fact of such a notice is no certain ground of inferring that owner of goods consented to waive some portion of his legal rights."—2 Red. on Rail., 89. The Act of 1864, Revised Stat., 303, enacts that "no public notice or declaration shall limit or in any wise affect the liability at common law of any public carrier;" and this respondent contends that if said Act does not preclude a special contract, yet a fair construction, in reference to the mischief it was intended to remedy, requires that where a special contract is invoked for the protection of the carrier, he should show affirmatively the assent of his employer to such contract, and not rely upon the mere delivery of a receipt containing at the foot in very small print an embarrassing multiplicity of exceptions.

Money and jewelry in trunk containing wearing apparel allowed.—*Merrill* vs. *Ginnel*, 30 N. Y., 594.

April 26, 1873. The opinion of the Court was delivered by

WILLARD, A. J. Plaintiff's trunk was delivered to Adams' Express Co., at Philadelphia, to be transported from that place to Charleston, and a bill of lading taken containing the following clause, introduced after a stipulation of the terms of carriage and

liability, as between the shipper and Adams' Express Co., viz: "And if the same is entrusted or delivered to any other express company, or agent, (which said Adams' Express Co. is hereby authorized to do,) such company or person so selected shall be regarded exclusively as the agent of the shipper or owner, and as such alone liable; and the Adams' Express Co. shall not be in any event responsible for the negligence or non-performance of any such company or person; and the shipper and owner hereby severally agree that all the stipulations and conditions in this receipt contained shall extend to and enure to the benefit of each and every company or person to whom the Adams' Express Co. may entrust or deliver the above described property for transportation, and shall define and limit the liability therefor of such other company or person."

Under this agreement, the Adams' Express Co. delivered the trunk to the defendants at Richmond, to be conveyed by them and delivered at Charleston. Delivery was made accordingly. The plaintiff now sues the defendants, alleging the loss, through negligence of defendants, of valuable jewelry contained in the trunk at the time it was delivered to Adams' Express Company.

The Circuit Judge was requested to charge " that the defendants were entitled to the benefit of any contract appearing on the receipt, and any transaction between Adams' Express Co. and the plaintiff in reference to the trunk." This request to charge was refused, and the refusal was clearly erroneous. As between the Adams' Express Co. and the owner the terms of the bill of lading are to be regarded as modifying, in certain particulars, the common law liability of the company as common carriers.—*Stadtucker* vs. *Combs*, 9 Rich., 193; *Singleton* vs. *Hilliard*, 1 Strob., 205; *Swindler* vs. *Hilliard*, 2 Rich., 286; *Baker* vs. *Brinson*, 9 Rich., 201.

The shipper having authority to ship must be regarded as authorized to bind the owner by a contract containing special terms of shipment.— *York Co.* vs. *Railroad*, 3 Wall, U. S., 107. Adams' Express Company had express authority to employ the defendants as common carriers, and to fix the terms of the contract in conformity with the terms stipulated between the shipper and themselves. It is to be presumed, as the case stands, that the defendants accepted the trunk on the terms of the original bill of lading, and such acceptance is accordingly special, and subject to such terms. The last clause of this request to charge is broadly stated, but must

be construed as confined to such transactions as appeared in evidence. The case shows no transaction between Adams' Express Company and the plaintiff or shipper that could be drawn into improper consideration by the concluding clause of the request. If anything appeared on the trial that would be placed in an improper light before the jury by such concluding clause it was for the parties to bring it before us. As the case stands, we must regard the "transactions" spoken of in the request as the contract itself, and such matters as formed part of the *res gestœ*.

The refusal to charge was clearly erroneous.

The second request to charge was "that from these" (namely, the transactions between Adams' Express Company and the shipper,) " it had the right to assume that it did not contain articles of special value, and for such articles it was not then responsible, nor for any injury to the trunk beyond the $50, the limit of responsibility without notice stated in the receipt." This request to charge was also refused. This request implies that, as matter of legal conclusion derived from the terms of the contract itself, the defendants must be regarded as in the same position as if the shipper had informed them that the whole value of the trunk and its contents did not exceed fifty dollars. Such a representation would, doubtless, affect the liability of the defendants, for they are bound to a greater degree of care where articles known to be of large value are committed to their care than when the value is small. The rule of ordinary care and diligence leads to this result. Especially is it so in a case of loss by robbery when the risk increases with the temptation as the value of the goods increases. But the bill of lading here will not bear the construction thus attempted to be put upon it. It is not to be assumed that the amount of fifty dollars was put into it with any special reference to the trunk in question, as the result of any estimate of its value; on the contrary, it must be assumed to have been placed there in conformity with some general regulation of the Adams' Express Company by which their liability was to be limited in all cases, in the absence of special circumstances, or of the payment of a special rate covering insurance to a larger amount.

It cannot, therefore, be considered equivalent to a guaranty as to value, nor a representation of value made by the shipper. If the defendants were warranted in concluding that the trunk did not contain articles of special value calling for particular care, that,

regarded as an inference from attending circumstances, can only be drawn by the jury, and under this view the matter requested to be charged and refused could not have been charged without an assumption on the part of the Court of functions proper to the jury.

The Circuit Judge charged " that the defendants were responsible for articles of special value in the trunk, whether known to it or not, and that it is enough to charge them that the goods were in the trunk, and lost therefrom while it was in possession of the defendants, and that the foot notes to the receipt of an Express Co. are not to be considered, and that, notwithstanding the limitation of loss to fifty dollars, in the absence of any other value mentioned, the defendant was responsible for what may have been the real value of the articles." This proposition virtually holds that the defendants are liable as insurers, without proof of negligence, for the full value of the trunk and its contents, without regard to the limitation of fifty dollars. This charge was contrary to the settled law of this State, defendants' liability as insurer being limited to that sum.

According to the bill of lading, as produced before us, the terms in contest are in the body of the instrument, and not attached merely as forms of notice; but had it been otherwise, the position of the terms on the paper would not have been decisive of the question whether they entered into the contract evidenced by it, but, in addition to that, the character of the terms and their relation to the body of the bill of lading would have to be considered as bearing on that question.

The limitation of fifty dollars forms part of the contract in this case, and affords ground sufficient for holding the charge to be erroneous. As the question of negligence on the part of the defendants is not involved in the exceptions, we are not called upon to consider that aspect of the case. In the event of a new trial it may become important, in pursuing the enquiry, whether the defendants exercised the amount of care and diligence to which they were bound, are chargeable either directly or inferentially with the knowledge of the fact that the value of the trunk and its contents greatly exceeded the amount of fifty dollars, the limit of their liability as insurers ; but for want of a proper basis of fact to apply them to, the rules of law controlling such enquiry cannot be appropriately stated at this time.

There should be a new trial.

*Moses*, C. J., and *Wright*, A. J., concurred.